IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| MIGUEL A. GARZON, | * | CIVIL NO. 98-1962(DRD) |
| Plaintiff, | * | |
| v. | * | |
| UNITED STATES OF AMERICA, | * | |
| Defendant. | * | |
| ---------------------------------------- | * | |

ORDER

The Certificate of Appealability requested by Plaintiff, Miguel A. Garzón, is **DENIED**. The applicant has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. 2253(C)(2). The court explains.

Plaintiff, Miguel A. Garzón, pled guilty on December 3, 1996 and was sentenced on April 26, 1997. Plaintiff filed the instant case on August 26, 1998. Hence, pursuant to the mandate of 28 U.S.C. 2255 the case was time barred one year and ten days after sentencing, that is, one year and ten days after April 26, 1997. See Sentence, Criminal Docket No. 69 at United States v. Miguel A. Garzón, Criminal No. 96-224(DRD). The complaint filed by Plaintiff is, hence, time barred by around four months.

Moreover, Plaintiff's Certificate of Appealability is based on ineffective assistance of counsel under the 6th Amendment grounded upon matters that occurred prior to and at sentencing and hence were known on or before the date of sentencing. Plaintiff partially grounded ineffective assistance allegedly because he was denied "safety valve" provisions and that he further was not granted a two-Point downward departure for accepting an order

1



AO 72A
(Rev 8/82)

of deportation.

As to the "safety valve" provisions under 18 U.S.C. 3553(f)(1)(5) and USSG 5C1.2(5) the court specifically questioned the petitioner at sentencing as to coverage under the safety valve particularly the requirement that the Plaintiff be debriefed and inform the government's agents all the circumstances and facts as to the instant offense. Plaintiff refused to be debriefed. The allegation of coverage under the "safety valve" is, therefore, frivolous. Plaintiff's further request that he be granted a 2-Point downward departure for accepting deportation is now unavailable to him under the doctrine of <u>United States v. Clase-Espinal</u> 115 F.3d 1054, 1057-1060 (1st Cir. 1997). [1]

Plaintiff further failed to state in the petition alleging ineffective assistance of counsel that counsel achieved in a plea negotiation a reduction in the amount of drugs attributed to Plaintiff from 835 grams of heroine to a level below, 700 grams, thereby gaining a two level reduction in Plaintiff's base offense level. Further, counsel obtained in the plea negotiations that no enhancement as to the role in the offense be attributed to Plaintiff although in the plea facts were accepted by Plaintiff that may have warranted an increase role participation as a manager or supervisor.[2] All benefits were lost as Plaintiff did not

---

[1] Should Plaintiff have complied with the safety valve he would have qualified to be sentenced below the statutory minimum and the offer to grant him a two point reduction for accepting deportation would have made a difference at sentencing. Now the case of <u>Clase-Espinal</u>, 115 F.2d at 1057-1060, bars the granting of a deportation for this reason.

[2] Plaintiff accepted the following facts in the plea agreement:

Garzón, who was sitting in the passenger side opened his window and made a signal to approach him. Garzón told Officer Rivera in Spanish "How are you, get inside the vehicle and let's take a ride around." Officer Rivera told Garzón "We prefer to speak at the terminal and not in the auto." Garzón then told Officer Rivera "Don't be afraid because we have the money, nothing is going to happen. You give me the merchandise. Come on, get in the auto. What's happening? I see that both of you are

desire to qualify under the "safety valve" provisions.

The remaining allegations of Plaintiff alleging ineffective assistance of counsel are meritless.

Strickland v. Washington, 466 U.S. 668, 686; 104 S. Ct. 2052, 2063 (1984), mandates that in judging allegations of ineffective assistance, trial courts are to examine if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." The court must examine the totality of circumstances to determine if the performance of counsel fell below an objective standard of reasonableness and if the counsel performance prejudice the Defendant resulting in an unreliable or fundamentally unfair outcome. Strickland, 466 U.S. at 697. Considering the above factual scenario as to Plaintiff's counsel overall representation at the sentencing (reduction in amount of drugs and no role enhancement adjustment as manager), further considering that Plaintiff refused to submit to debriefing requirements to qualify under the "safety valve," considering that Plaintiff is not entitled to a reduction based on acceptance of deportation, the standard of Strickland therefore is not met and

---

nervous." Then Fernández told them, "calm down because nothing is going to happen." Office Rivera told them, "Park at the front and we would do the business inside the restroom of the Pier." According to Officer Rivera he observed Garzón making a gesture of approval with his hand and made a signal to Fernández with his hand."

hence, the petition for a Certificate of Appealability based on ineffective assistance of counsel under the 6th Amendment must be **DENIED**.

IT IS SO ORDERED.

At San Juan, Puerto Rico, this 27 day of August 1999.

*[signature]*

**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**